IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RUTHANN CHAVEZ, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. H-22-1700 |
| § | |
| HOME DEPOT USA, INC., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND OPINION**

Ruthann Chavez sued Home Depot after she tripped and fell, sustaining what are alleged to be severe injuries. (Docket Entry No. 1). After disclosures and discovery, Home Depot has moved to exclude the expert report of Dr. Cochran, one of Chavez's treating physicians, as unreliable and inadmissible under Rule 702 of the Federal Rules of Evidence. (Docket Entry No. 65). Home Depot also moves to exclude the testimony of Chavez's non-retained expert physicians due to insufficient disclosures, and to exclude a submitted Life Care Plan as failing to show future expenses with sufficient probability. (Docket Entry No. 66). Chavez responded to both, and Home Depot replied. (Docket Entry No. 70–73).

Based on the parties' briefing, the underlying reports and disclosures, the record, and the relevant law, the court grants in part the motion to exclude the testimony of Dr. Cochran and denies in part and grants in part the motion to exclude the testimony of other non-retained expert physicians and the Life Care Plan. The reasons are set out below.

**I.      The Standard for Expert Testimony**

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if
> (1) the testimony is based upon sufficient facts or data,
> (2) the testimony is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods reliably to the facts of the case.

"Rule 702 charges trial courts to act as 'gate-keepers,' making a 'preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993)). Expert testimony must be both "relevant and reliable" to be admissible. *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003) (quoting *Pipitone*, 288 F.3d at 243–44); *Daubert*, 509 U.S. at 589 ("[U]nder the Rules the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").

In making its reliability determination, the court considers the soundness of the general principles or reasoning on which the expert relies and of the methodology that applies those principles to the facts of the case. *Daubert*, 509 U.S. at 594–95; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). Several factors guide a district court's inquiry into the reliability of expert testimony, including: "(1) whether the technique in question has been tested; (2) whether the technique has been subject to peer review and publication; (3) the error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has been generally accepted[.]" *United States v. Perry*, 35 F.4th 293, 329 (5th Cir. 2022) (citing *Daubert v. Merrill Dow Pharms.*, 509 U.S. 579, 593–94 (1993)). Not all factors apply in every case.

2

Admissibility of expert testimony is an issue for the trial judge to resolve under Federal Rule of Evidence 104(a). *Daubert*, 509 U.S. at 592–93. The party offering the testimony must prove by a preponderance of the evidence that the expert's opinion is relevant and reliable. *Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987); *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). "A trial court's ruling regarding admissibility of expert testimony is protected by an ambit of discretion and must be sustained unless manifestly erroneous." *Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1317 (5th Cir. 1995) (citation omitted).

## II. The Rule 26(a)(2)(C) Standard

Rule 26(a)(2)(C) governs the disclosures litigants must make before presenting a non-retained expert. Under this rule, a party intending to present a non-retained expert must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a). Designations under Rule 26(a)(2)(C) do not require "undue detail." *Moore v. City of Houston*, No. 17-CV-2505, 2019 WL 8886239, at *3 (S.D. Tex. Nov. 12, 2019); *see also Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, 2017 WL 90366, at *1–2 (N.D. Tex. Jan. 10, 2017) (summarizing cases); Fed. R. Civ. P. 26, Adv. Comm. Note (2010). That said, "some specificity is required." *Tolan v. Cotton*, No. 09-CV-1324, 2015 WL 5332171, at *5 (S.D. Tex. Sept. 14, 2015).

Under Rule 26(a)(2)(C), counsel presenting a non-retained expert, such as a treating physician, is not required to provide a written report. Fed. R. Civ. P. 26(a)(2)(C). All that is required is a summary of the subject matter on which the expert will testify, the expert's opinions, and the underlying factual basis for those opinions. *Kemp v. City of Houston*, No. 10-CV-3111, 2013 WL 12320720, at *4 (S.D. Tex. July 24, 2013). The Advisory Committee Notes for the 2010 amendments to Rule 26(a)(2)(C) explain the different treatment for the designation of non-retained experts:

3

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have. . . . Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.

Fed. R. Civ. P. 26, Adv. Comm. Note (2010).

Rule 26(a)(2)(C) requires the "summary of the facts" to contain "a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information." *Tolan*, 2015 WL 5332171, at *6.

### III. Analysis

#### A. Doctor Cochran's Testimony

Dr. Cochran is one of Chavez's treating physicians. Chavez has offered his expert opinion on injury causation and future treatment and costs. This court previously permitted the untimely designation of Dr. Cochran as an expert. (Docket Entry No. 44). Home Depot now requests exclusion of Dr. Cochran's testimony on the basis that his opinions are unreliable and highly prejudicial under FRE 702. (Docket Entry No. 65).

Although Chavez designated Dr. Cochran as a non-retained expert, Home Depot argues that Dr. Cochran is in fact a retained expert because he is testifying as to causation based on information provided by Chavez. (Docket Entry No. 73 at 3–4). In support, Home Depot relies on *Kallassy v. Cirrus Design Corp.*, No. 3:04-CV-0727N, 2006 WL 1489248 (N.D. Tex. May 30, 2006), *aff'd*, 265 F. App'x 165 (5th Cir. 2008), in which a treating physician was held to be a retained expert. In that case, the doctor relied on extra information provided by the plaintiff. The court relied on another case in which counsel had "arranged for observations and data necessary"

4

for the expert's opinion, making it an opinion of a retained expert rather than a treating doctor. *Id.*; *Kiser v. Gen. Motors Corp.*, 2000 WL 1006239, at *2 (E.D. La. July 19, 2000).

Unlike the doctors in *Kallassy* and *Kiser*, Dr. Cochran appears to have treated Chavez and relied only on his examinations and her oral medical history. (Docket Entry No. 65-1). "A number of courts agree that a treating physician may testify as a non-retained expert witness—and therefore need not provide an expert report—if the testimony is confined to "facts disclosed during care and treatment of the patient." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (citing *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir.2007) ("[A] report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment."); *see Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 500-502 (D.Md.1997) ("To the extent that the source of the facts which form the basis for a treating physician's opinions derive from information learned during the actual treatment of the patient—as opposed to being subsequently supplied by an attorney involved in litigating a case involving the condition or injury—then no Rule 26(a)(2)(B) statement should be required.")).

Additionally, a "treating physician may opine as to the causation of a plaintiff's injuries and a plaintiff's prognosis as long as the doctor formed those opinions based on the care-provider's personal knowledge and observations obtained during the course of care and treatment." *Kim*, 267 F.R.D. at 502 (collecting cases). Home Depot has not pointed to or submitted information showing that Dr. Cochran's opinions had a basis other than personal knowledge and observations obtained in treating Chavez. The court finds that Dr. Cochran is a non-retained expert.

Home Depot also argues that Dr. Cochran's opinions are unreliable and highly prejudicial because Dr. Cochran did not consider any alternative causes of Plaintiff's injury. (Docket Entry

5

No. 65 at 10). It is well established in this circuit that treating physicians may not rely only on a plaintiff's statements about the cause of an injury without considering other potential causes. *See Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) ("Dr. Johnson's opinion rests on Viterbo's statements that he experienced certain symptoms and that Tordon 10K was the only possible cause. This opinion simply lacks the foundation and reliability necessary to support expert testimony. . . . Dr. Johnson's testimony is no more than Viterbo's testimony dressed up and sanctified as the opinion of an expert."); *McNabney v. Lab'y Corp. of Am.*, 153 F. App'x 293, 295–96 (5th Cir. 2005) ("Dr. Gazda was unaware of McNabney's history of arm trauma when she concluded that the venipuncture caused McNabney's RSD . . . her opinion, lacking an awareness of McNabney's medical history, fails to consider and exclude other possible causes of her RSD."). Although it is true, as Chavez argues, that "a plaintiff's oral history provides a reliable basis for a treating physician to form opinions regarding causation," (Docket Entry No. 71 at 5), Chavez also acknowledges that "medical causation experts must have considered and excluded other possible causes of injury." (*Id.* at 6).

Dr. Cochran's report does not consider and exclude other possible causes of Chavez's injuries. (Docket Entry No. 65-1). Dr. Cochran acknowledges that Chavez had a pre-existing condition that was symptomatic, and that she had had surgery after her fall at Home Depot and before Dr. Cochran began treating her. (*Id.*). But Dr. Cochran does not evaluate the role of either in causing the condition for which Chavez seeks recovery from Home Depot. And he could not properly do so without relying on information that might make him a retained rather than a non-retained expert. Because of this, Dr. Cochran's testimony regarding causation is excluded.

Finally, Home Depot argues that Dr. Cochran's treatment of Chavez was "unrelated" to the case, and therefore should be excluded. (Docket Entry No. 65 at 10). Dr. Cochran did not begin

6

treating Chavez until several months after she fell. This is not dispositive as to whether his treatment was related to the fall, but instead "affect[s] the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo*, 826 F.2d at 422). Dr. Cochran may testify as to his diagnosis and treatment of Chavez, but he may not exceed the scope allowable for a non-retained expert, and he may not rely on external information provided by Chavez's counsel.

### B. Plaintiff's Non-Retained Experts' Testimony

Chavez designated 18 nonretained medical experts, all treating physicians or healthcare providers, to testify about her diagnosis, treatment, and the reasonableness of her medical expenses. (Docket Entry No. 12). Chavez submitted these designations before the court's deadline for expert-witness designations. (Docket Entry Nos. 10, 12).

Each of Chavez's treating-physician and healthcare-provider experts was initially designated with a short blanket explanation:

> The following are non-retained experts, treating physicians, hospitals and/or doctors who have provided care to Plaintiff as a result of the incident made the basis of this lawsuit. Due to their training, knowledge, and experience, they may provide expert testimony pertaining to the treatment, testing, and examinations of Plaintiff and the medical charges relating to same; and to render opinions as to the diagnosis and prognosis of Plaintiff's injuries and damages, and the reasonableness and necessity of the medical charges incurred[.]

(Docket Entry No. 12 at 1). Chavez also provided expert reports of two doctors, Dr. Boutros and Dr. Lin, designated as testifying about past, ongoing, and future medical treatment and costs. (Docket Entry Nos. 12, 16, 17). Chavez produced records related to each healthcare provider.

After discovery closed, Hope Depot moved to strike Chavez's expert designations for failure to comply with Rule 26(a)(2)(C). (Docket Entry No. 66). Home Depot argues that Chavez failed to "disclose a summary of facts and opinions in the disclosure of non-retained experts."

(Docket Entry No. 66 at 3). Rule 26(a)(2)(C) requires the "summary of the facts" to contain "a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information." *Tolan*, 2015 WL 5332171, at *6. A mere "reference [to] large bodies of material sources of fact" does not qualify as a summary of facts. *Id.*

Several cases are instructive. In *Moore*, 2019 WL 8886239, at *4, the court held that the plaintiff's designations listing "medical records, discovery documents, and the pleadings" as the factual basis for the expert's opinion failed "to provide a brief statement of facts." Similarly, in *Williams v. Louisiana*, the court "rejected the notion that a disclosure solely of medical records is sufficient as a summary of the facts and opinions to which the witness is expected to testify." No. 14-CV-00154, 2015 WL 5438596, at *3 (M.D. La. Sept. 14, 2015) (collecting similar cases); *see also Knighton v. Lawrence*, No. 14-CV-718, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016).

Chavez does not dispute that she provided no information beyond the paragraph listed above for most of her designated non-retained experts. (Docket Entry No. 70). These designations are plainly insufficient. They provide no information about the experts' examinations, about specific treatment or diagnoses, or about the medical records that would provide further information about the basis for each expert's opinion. *Carr v. Montgomery Cty., et al.*, No. 4:13-CV-2795, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015).

When a party fails to comply timely with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the

8

explanation for the party's failure to disclose." *Bitterroot Holdings, LLC v. MTGLQ Inv'rs, LP*, 648 F. App'x 414, 419 (5th Cir. 2016) (quoting *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

The first factor weighs in favor of allowing Chavez's experts to testify. *See Bitterroot Holdings*, 648 F. App'x at 419 (the district court did not abuse its discretion in permitting evidence not timely disclosed under Rule 26 because the evidence was so important to the case). Testimony from Chavez's treating physicians is crucial to this case.

The second and third factors are neutral. In determining if a party will be prejudiced by allowing an improperly designated expert to testify, courts examine the ability to prepare a defense and the time needed to prepare the case adequately. *Cont'l Cas. Co. v. F-Star Prop. Mgmt., Inc.*, No. 10-CV-102, 2011 WL 2887457, at *7 (W.D. Tex. July 15, 2011) (analyzing the effect a delay will have on the "schedule" set by the court and "the opponent's preparation"). A party cannot claim prejudice due to its own "inaction." *Atlas Imports, Inc. v. Atain Specialty Ins. Co.*, No. 18-CV-1115, 2020 WL 4574521, at *6 (S.D. Tex. June 10, 2020). In the context of treating physician designations, courts generally find "little, if any, prejudice" when a party clearly identifies the designated treating physician it plans to use as an expert and does so long before trial. *Smith v. Tangipahoa Par. Sch. Bd.*, No. 18-CV-6635, 2019 WL 3081954, at *2 (E.D. La. July 15, 2019); *see also Moore*, 2019 WL 8886239, at *4 ("[Defendant] has known for at least ten months that the [n]on-retained Experts could be called to testify about their treatment of [plaintiff's] injuries.").

The final factor favors Home Depot. Chavez appears to continue to argue that her designations are sufficient. (Docket Entry No. 70 at 5–6). The rule is clear that a summary of the factual basis for each expert's opinion is required in a Rule 26(a)(2)(C) designation, and even after being notified of potential deficiencies, Chavez has not supplemented her expert designations.

9

Home Depot has asked that if Chavez's non-retained experts are allowed to testify, their testimony should be "strictly limited to the verbatim entries contained in each provider's records that have been produced by Plaintiff." (Docket Entry No. 66 at 6). Given Chavez's failure to submit disclosures in accordance with Rule 26(a)(2)(C), the non-retained treating physicians' testimony will be "limited to personal observations, diagnoses and treatment contained in [that provider's] medical records[.]" *Moore v. DeJoy*, No. 18-CV-12270, 2022 WL 19263947, at *6 (E.D. La. Feb. 23, 2022). This limitation will not apply to Dr. Boutros and Dr. Lin, whose expert reports were timely and sufficiently disclosed.

### C. Wolfson Life Care Plan

Finally, Home Depot has objected to the Wolfson Life Care Plan report on Chavez's anticipated future medical expenses. (Docket Entry No. 66 at 6–7). Home Depot argues that the Plan does not meet the "reasonable probability rule" for future damages.

"Under Texas's reasonable probability rule, to sustain an award of future medical expenses, the plaintiff must present evidence to establish that in all reasonable probability (1) medical expenses will be incurred in the future, and (2) what the reasonable cost of that care will be." *Rodriguez v. Larson*, 250 F. App'x 607, 609 (5th Cir. 2007) (internal quotations omitted). However, this is a standard that is applied by the jury in determining whether a plaintiff has sufficiently established an entitlement to future medical expenses. *Id.* Home Depot argues that some courts have excluded reports that make conclusions about future medical expenses that are not based on a greater than 50% probability. (Docket Entry No. 72 at 6–7); *see Koenig v. Beekmans*, No. 5:15-CV-0822, 2017 WL 7732809, at *3 (W.D. Tex. Mar. 23, 2017).

The Plan Chavez submitted states that it considers only "recommendations that are deemed a medical necessity with greater than 50% chance of being required." (Docket Entry No. 13 at 6).

"Texas courts have consistently held that the award of future medical expenses rests within the sound discretion of the jury." *Rosenboom Mach. & Tool, Inc. v. Machala*, 995 S.W.2d 817, 828 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). The Plan does not contain particularized analyses of why each treatment is more likely than not to be necessary in the future, but this does not require exclusion. Counsel for Home Depot can expose what it believes to be the weaknesses of the Plan in cross examination, and the jury will decide what weight, if any, the Plan deserves.

## IV. Conclusion

The court grants in part Home Depot's motion to exclude the testimony of Dr. Cochran, and limits Dr. Cochran's testimony to that appropriate for a non-retained expert. (Docket Entry No. 65).

The court grants in part and denies in part Home Depot's motion to exclude Chavez's non-retained experts' testimony and Wolfson Life Care Plan, as described in detail above. (Docket Entry No. 66). The Wolfson Life Care Plan is admissible, and the non-retained experts' testimony will be limited to information in the disclosed records.

SIGNED on September 18, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge