United States District Court
Southern District of Texas
**ENTERED**
October 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUTHANN CHAVEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-22-1700 |
| HOME DEPOT USA, INC., | § § § | |
| Defendant. | § § § | |

**ORDER**

At the motion hearing held before this court on October 13, 2023, the parties disagreed as to whether Ms. Chavez was required to include a specific statement of the amount of damages she sought for noneconomic harms in her initial disclosures under Rule 26.

"Since compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (citing *Burrell v. Crown Central Petroleum, Inc.,* 177 F.R.D. 376, 386 (E.D. Tex.1997)). "[C]ourts have not required a Rule 26 computation regarding the amount of emotional distress-related compensatory damages claimed in cases in which the plaintiff does not intend to suggest an amount to the jury. In other words, if the plaintiff intends to suggest a specific amount of emotional distress-related compensatory damages to the jury, he or she must produce the disclosures required by Rule 26. If, however, the plaintiff intends to leave the determination of emotional distress-related compensatory damages solely to the jury, a Rule 26 disclosure is not required." *Hovanec v. Miller*, 331 F.R.D. 624, 637 (W.D. Tex. 2019) (citing *E.E.O.C. v. General*

*Motors Corp.*, No. 3:06-cv-19-WHB-LRA, 2009 WL 910812, at *2 (S.D. Miss. Apr. 1, 2009) collecting cases); *E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012)).

A specific statement of noneconomic damages is not required, so long as the plaintiff does not then suggest a specific noneconomic damages award to the jury. "To the extent that Plaintiffs attempt to assign a specific dollar figure to their emotional distress damages at trial, Defendant may seek to exclude such evidence[.]" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

SIGNED on October 16, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge